UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DERRICK ALLEN,

    Plaintiff,

v.                                 Case No. 5:23-cv-172-MCR-MJF

S. SANCHEZ, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Derrick Allen (DC #M26909), proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The filing fee has been paid. Doc. 7. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. § 1915A(b)(1), for Allen's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. Background

Allen is a Florida prisoner currently confined at the Santa Rosa Correctional Institution. Doc. 1. Allen initiated this action on June 14, 2023, by filing a complaint under 42 U.S.C. § 1983. *Id.* at 1.[1] Allen is suing thirty prison officials at the Gulf

---

[1] Citations to page numbers of Allen's complaint are according to Allen's pagination.

Correctional Institution, and one prison official at the Graceville Correctional Facility. *Id*. at 3-11. Allen claims that the Gulf CI officials subjected him to unconstitutional conditions of confinement from September 1, 2022, until his transfer to Santa Rosa CI earlier this year. Allen claims that the Graceville CF official retaliated against him between December 2020 and April 2021, because he filed grievances. *Id*. at 13-55.

## II.   DISCUSSION

### A.   Screening of Allen's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative

misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012).

B.   **Allen's Reponses to Questions on the Complaint Form**

Allen provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 1 at 63-72. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" *Id.* at 63. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Allen marked "Yes" and disclosed the following seven federal cases, some with the dates of dismissal:

- *Allen v. Santiago*, No. 3:22-cv-03145-TKW-EMT (N.D. Fla. Apr. 29, 2022);

- *Allen v. Santiago*, No. 3:22-cv-06745-MCR-HTC (N.D. Fla. July 19, 2022);

Page 3 of 12

- *Allen v. Sup. Ct. of Fla.*, No. 1:14-cv-21761-CMA (S.D. Fla. May 28, 2014);[2]

- *Allen v. Sup. Ct. of Fla.*, No. 1:14-cv-21760-DMM (S.D. Fla. July 17, 2014);

- *Allen v. Dep't of Corr.*, No. 08-16089-H (11th Cir.);

- *Allen v. Sup. Ct. of Fla.*, No. 15-11022-C (11th Cir.); and

- *Allen v. Sup. Ct. of Fla.*, No. 14-13136-D (11th Cir.).

*Id*. at 63-64.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?" Doc. 1 at 65. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Allen marked "No" and disclosed no cases. *Id*.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?" Doc. 1 at 65. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Allen marked "Yes" and disclosed the following fourteen federal cases, some with dates of final disposition:

---

[2] Allen misidentified this case number as "2014cv2171." Doc. 1 at 63.

- *Allen v. Fla. Dep't of Corr.*, No. 1:22-cv-20457-RLR (S.D. Fla. May 3, 2022);[3]

- *Allen v. Dixon*, No. 22-12357 (11th Cir.) (pending);[4]

- *Allen v. McDonough*, No. 4:07-cv-00469-RH-GRJ (N.D. Fla. Sept. 14, 2011);

- *Allen v. McDonough*, No. 11-14877-E (11th Cir.);

- *In re: Allen*, No. 16-15987-D (11th Cir.);

- *Allen v. Dep't of Corr.*, No. 1:05-cv-23160-AJ (S.D. Fla. Sept. 26, 2007);

- *Allen v. Fla. Dep't of Corr.*, No. 07-14940-JJ (11th Cir.);

- *Allen v. State of Florida*, No. 1:10-cv-21591-JEM (S.D. Fla.);

- *Allen v. State of Florida*, No. 10-13191-CC (11th Cir.);[5]

- *Allen v. Dep't of Corr.*, No. 1:08-22389-JAL (S.D. Fla.);

- *Allen v. Sup. Ct. of Fla.*, No. 14-14445 (11th Cir.);

- *In re: Allen*, No. 14-11952 (11th Cir.);[6]

- *In re: Allen*, No. 1119008 (11th Cir.); and

- *In re: Allen*, No. 09-11258-C (11th Cir.).

*Id*. at 65-69.

---

[3] Allen misidentified this case number as "22-204757." Doc. 1 at 66.
[4] Allen misidentified this case number as "22-12137." Doc. 1 at 66.
[5] Allen misidentified this case number as "10-113191-CC" and that it was an original proceeding filed in the Southern District Court. Doc. 1 at 68.
[6] Allen disclosed this case twice. Doc. 1 at 68, 69.

The only other federal case Allen disclosed was a mandamus action he "is in the process of filing" in the Eleventh Circuit. *Id*. at 72 ¶ 28. The undersigned has identified the case as *In re Allen*, No. 23-11961 (11th Cir. June 13, 2023).

In addition to the foregoing federal cases, Allen disclosed several cases he filed in the state courts. *Id*. at 69-72.

At the end of the civil rights complaint form, Allen signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 67, 73. Thus, Allen has in effect stated that at the time he filed his complaint in this case, he had not filed any other appeal in federal court relating to the conditions of his confinement.

C. **Allen's Omissions**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Allen filed his complaint in this case, he had filed *at least* two additional cases that required disclosure.[7] Specifically, on June 6, 2022, Allen filed an appeal of the order of dismissal in *Allen v. Santiago*, No. 3:22-cv-3145-TKW-EMT, 2022 WL 1284821 (N.D. Fla. Apr. 29, 2022) (dismissing civil rights action

---

[7] By confining this discussion to two cases, the undersigned does not imply that they are the *only* cases that Allen was required, but failed, to disclose. As disclosed in his litigation history, Allen is a three-striker and a prolific filer. The undersigned will not shoulder Allen's obligation to determine all of the cases he has filed.

under 28 U.S.C. § 1915A(b)(1) as malicious for Allen's abuse of the judicial process in failing to fully disclose his litigation history). Allen's appeal was docketed on June 9, 2022, and was assigned Eleventh Circuit Case No. 22-11946. That appeal remains pending.

In addition, on November 7, 2022, Allen filed an appeal of the order of dismissal in *Allen v. Santiago*, No. 3:22-cv-6745-MCR-HTC, 2022 WL 2818747 (N.D. Fla. July 19, 2022) (dismissing civil rights action under 28 U.S.C. § 1915A as malicious for Allen's abuse of the judicial process, and under 28 U.S.C. § 1915(g) because Allen was a three-striker who did not pay the filing fee at the time he initiated suit). Allen's appeal was docketed on November 10, 2022, and assigned Eleventh Circuit Case No. 22-13808. The appeal was dismissed on December 19, 2022. *See Allen v. Santiago*, 2022 WL 18635931 (11th Cir. Dec. 19, 2022) (dismissing appeal for want of prosecution).

The foregoing appeals fall squarely within the complaint form's disclosure requirements. The complaint form required Allen to list all appeals he filed in federal court relating to the conditions of his confinement. Allen's failure to disclose the prior appeals violates his duty of candor to this court.

D.   **The Materiality of Allen's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc*. 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district

courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Allen falsely responded to a question on the complaint form as detailed above. Allen knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 1 at 62. A penalty is warranted both to deter Allen from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

## E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Allen's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose prior action; noting that the action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same).

If Allen suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Allen's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

Page 10 of 12

No lesser sanction would suffice to deter this type of conduct. For example, providing Allen an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) ("[A]llowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form."). There can be no plausible excuse for Allen's failure to disclose his earlier-filed appeals as part of his litigation history.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  This action be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2.  The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this <u>28th</u> day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**