UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DERRICK ALLEN,

    Plaintiff,

v.                                                                        Case No. 5:23-cv-172-MCR-MJF

S. SANCHEZ, *et al.*,

    Defendants.

_____/

**SUPPLEMENT TO REPORT AND RECOMMENDATION**

This prisoner civil rights case has been returned to the undersigned for a supplemental determination of whether Plaintiff Derrick Allen's Amended Complaint (Doc. 13) alters the Report and Recommendation ("R & R") dated July 28, 2023 (Doc. 10). For the reasons discussed below, the undersigned concludes that Allen's Amended Complaint does not alter the R & R in any way.

### I. Background

Allen is a Florida prisoner currently confined at the Santa Rosa Correctional Institution. Allen initiated this action on June 14, 2023, by

filing a complaint under 42 U.S.C. § 1983. Doc. 1 at 1.[1] Allen is suing thirty prison officials at the Gulf Correctional Institution, and one official at the Graceville Correctional Facility. *Id*. at 3-11.

Allen claims that the Gulf CI officials subjected him to unconstitutional conditions of confinement from September 1, 2022, until his transfer to Santa Rosa CI earlier this year. Allen claims that the Graceville CF official retaliated against him between December 2020 and April 2021, because he filed grievances. *Id*. at 13-55. Because Allen had incurred three strikes under 28 U.S.C. § 1915(g) and, therefore, did not qualify for leave to proceed *in forma pauperis*, he paid the filing fee. *See* Docs. 6, 7.

On July 28, 2023, the undersigned screened Allen's complaint under 28 U.S.C. 1915A. The undersigned determined that Allen abused the judicial process by failing to disclose his litigation history completely and honestly. Doc. 10. Specifically, Allen falsely responded to Question VIII(C) on the complaint form which unambiguously asked him whether he had filed "any other lawsuit, habeas corpus petition, or appeal in . . .

---

[1] Citations to page numbers of Allen's pleadings are according to Allen's pagination.

**federal court** . . . relating to the conditions of [his] confinement." Doc. 1 at 65 (emphasis in original). Allen responded "yes" and disclosed several cases. Allen signed his complaint after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 67, 73. Allen, therefore, had represented that at the time he filed his initial complaint in this case, he had not filed any other appeal in federal court relating to the conditions of his confinement. That was a misrepresentation.

Allen failed to disclose two prior appeals he filed in the Eleventh Circuit relating to the conditions of his confinement. Those appeals are:

- *Allen v. Santiago*, No. 22-11946 (11th Cir. June 9, 2022); and
- *Allen v. Santiago* No. 22-13808 (11th Cir. Nov. 7, 2022), *dismissed*, 2022 WL 18635931 (11th Cir. Dec. 19, 2022).

Both appeals were filed well before Allen signed his initial complaint in this case on June 14, 2023.

The undersigned determined that Allen "falsely responded" to a question on the complaint form, and that Allen "knew from reading the

complaint form that disclosure of all prior cases was required." Doc. 10 at 9. *Id.* The complaint form expressly warned Allen:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 1 at 62. The undersigned concluded that Allen's misrepresentation violated his duty of candor to this court and warranted dismissal of this action under § 1915A(b)(1).

In response to the R&R, Allen filed an objection, a motion for leave to amend, and a first amended complaint. Docs. 11, 12, 13. Allen's motion to amend states, in relevant part:

> Plaintiff thought he included the appeal cases 22-11946A and 22-13808A as he worked hard and diligently to ensure he listed all his prior litigation history, to his dismay [he] missed the two cases that was before him as he was actively working on those two cases.

Doc. 12 ¶ 2. Allen's first amended complaint now discloses the two appeals he omitted from his initial complaint. Doc. 13 at 72.

Allen's explanation and amendment do not alter the undersigned's recommendation that this action be dismissed without prejudice as malicious for Allen's abuse of the judicial process.

## II. DISCUSSION

"An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998)). "Moreover, a dismissal without prejudice generally does not constitute an abuse of discretion because the plaintiff may simply refile the action. *Burrell*, 857 F. App'x at 625 (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)).

Allen's argument—that his misrepresentation should be excused because it was inadvertent—is unpersuasive. *See, e.g., Burrell*, 857 F. App'x at 624 (rejecting prisoner's argument that omission of cases was not malicious because he merely forgot them; prisoner's response to straightforward question on complaint form was signed under penalty of perjury and was contradicted by his litigation history); *Kendrick v. Sec'y,*

*Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *2-3 (11th Cir. July 1, 2022) (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *Rizvi v. Payne*, No. 5:22-cv-257-TKW/MJF, 2023 WL 2250622 (N.D. Fla. Feb. 27, 2023) (rejecting prisoner's argument that his omission of case was not an abuse of the judicial process because it was an "honest mistake;" question on complaint form clearly required disclosure, and prison signed response under penalty of perjury).

Similarly, Allen's argument that the District Court should allow this action to proceed on his now-truthful amended complaint is unpersuasive. Allowing Allen to now "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."

*Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

Judges in this District consistently have sanctioned prisoners—under similar circumstances—by dismissing the action without prejudice. *See Green v. Baker*, No. 5:22-cv-302-TKW/MJF, 2023 WL 4317647 (N.D. Fla. July 3, 2023) (dismissing action without prejudice; rejecting prisoner's argument that he made an "honest mistake" and that he should be allowed to amend his initial complaint to disclose the omitted case); *Green v. Sheffield*, No. 5:22-cv-304-TKW/MJF, 2023 WL 4317648 (N.D. Fla. July 3, 2023) (same); *Brown v. Nigh*, No. 1:23-cv-19-AW/MJF, 2023 WL 2761297 (N.D. Fla. Apr. 3, 2023) (dismissing action without prejudice as malicious even though, after R&R issued, prisoner filed first amended complaint disclosing the case he previously omitted); *Wromas v. Cromartie*, No. 5:22-cv-33-TKW-MJF, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that

"[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, No. 5:19-cv-144-TKW/MJF, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) ("[A]llowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form."); *Easley v. Inch*, No. 5:18cv148-TKW-MJF, 2019 WL 3774617, at *2 n.2 (N.D. Fla. Aug. 12, 2019) ("[I]t would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history").

A dismissal without prejudice will not preclude Allen from refiling his complaint in a new civil action. Florida has a four-year statute of limitations for a § 1983 action. *See* Fla. Stat. § 95.11. The events giving rise to this lawsuit occurred in December 2020 through 2022. *See* Docs. 1, 13.

Moreover, the fact that Allen paid the filing fee in this case—and will have to prepay a new one upon refiling—is not a reason to make an

exception or to treat him more favorably than other prisoners whose cases have been dismissed for engaging in the same conduct. *See, e.g., Green v. Baker*, 2023 WL 4317647 (dismissing case without prejudice even though prisoner paid $402 filing fee due to his three-striker status under § 1915(g)); *Green v. Sheffield*, 2023 WL 4317648 (same). Allen owed the same duty of candor to this court as imposed on any other litigant. And virtually every prisoner—even those who proceed *in forma pauperis*—incurs the financial burden of having to pay the full filing fee in each case he files, even if he has to refile due to a prior dismissal without prejudice. *See* 28 U.S.C. § 1915(b) (requiring that prisoners pay the full filing fee in each case they file even if they are granted leave to proceed *in forma pauperis*).

### III.  CONCLUSION

For the reasons set forth above, the undersigned concludes that Allen's Amended Complaint (Doc. 13) does not alter the Report and Recommendation (Doc. 10) in any way. The undersigned continues to **RECOMMEND** that:

1.  This action be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 6th day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

**NOTICE TO PLAINTIFF**

**Objections to this supplement to the report and recommendation must be filed within fourteen (14) days of the date of this supplement. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. Plaintiff's failure to object to the findings or recommendations contained in this supplement to the report and recommendation waives his right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**